COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LORENZO A. AGUILAR, | | No. 08-07-00179-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 396th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1033390D) |
| | § | |

## **O P I N I O N**

Lorenzo A. Aguilar appeals his conviction of intoxication manslaughter. Appellant waived his right to a jury trial and entered a non-negotiated plea of guilty. The trial court found Appellant guilty and assessed punishment at imprisonment for a term of fifteen years. The trial court also entered a deadly weapon finding in the judgment. We affirm.

### IMPROPER QUESTIONS AND FINAL ARGUMENT

In his sole point of error, Appellant contends that his right to a fair trial was violated because the State improperly asked a witness questions about Appellant's immigration status and referred to him as an illegal alien during final argument. The State responds that Appellant failed to preserve these issues by raising timely and specific objections. We agree.

Appellant first complains that the prosecutor asked Appellant's sister, Leticia Aguilar, about his immigration status during cross-examination:

[The prosecutor]: Is your brother in the United States legally or illegally?

[Ms. Aguilar]: Illegally.

[The prosecutor]: He's not -- he's a Mexican national, correct?

[Ms. Aguilar]:  Yes, sir.

[The prosecutor]:  Without proper paperwork to be in the United States?

[Ms. Aguilar]:  Yes, sir.

Appellant did not raise any objections to this line of questioning.  Accordingly, it is waived.  *See* TEX.R.APP.P. 33.1 (as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint unless the specific grounds were apparent from the context).

Appellant also argues that the following argument is improper because the prosecutor referred to Appellant as an illegal alien:

> We have the video, a number of people missed this vehicle.  It's on the side of the road.[1]  [The victim] did everything she was supposed to do, everything she's taught.  But for the Defendant's being in the country illegally, Dallas County DA's office and their courts not wanting to take a stand on him being in the country illegally, in doing something in his prior cases that are in the PSI, he's here before you.  We'd ask in the upper range of punishment between 15 and 20 years in the penitentiary.

Appellant did not object to any portion of this argument.  In order to preserve an error regarding an improper jury argument, an appellant must make a timely and specific objection at trial. TEX.R.APP.P. 33.1; *Mathis v. State*, 67 S.W.3d 918, 927-28 (Tex.Crim.App. 2002); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).  Because Appellant did not object, his complaint is waived.  We overrule Appellant's sole point of error and affirm the judgment of the trial court.

January 29, 2009

ANN CRAWFORD McCLURE, Justice

---

[1]  The victim's vehicle was stopped on the shoulder with a flat tire when it was struck by Appellant's vehicle.  The victim's car caught on fire and she burned to death.

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)